UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL SCHONSCHACK, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>and MARY BERGHUIS, )<br>)<br>)<br>    Respondents. )<br>_____ ) | Case No. 1:06-cv-175<br><br>Honorable Richard Alan Enslen |

**ORDER**

On March 9, 2006, Petitioner filed a "Petition for Writ of Coram Nobis" pursuant to the All Writs Act, 28 U.S.C. § 1651. In his action, Petitioner challenges his 1994 conviction in the Ottawa County Circuit Court for third degree criminal sexual conduct. Petitioner further claims that because his conviction is unconstitutional, he should not be subjected to the collateral consequences of his conviction, including registration under Michigan's Sex Offender Registration Act. Petitioner's sentence was fully discharged and he was released from custody on March 20, 2006.

The Clerk of the Court opened Petitioner's action as a petition for writ of *habeas corpus* brought pursuant to 28 U.S.C. § 2254. The filing fee for a habeas corpus action is $5.00. 28 U.S.C. § 1914(a). Petitioner applied for leave to proceed *in forma pauperis* and provided a certified copy of his prisoner trust account statement. Because Petitioner had sufficient funds in his prisoner account to pay the $5.00 filing fee, the Court issued an Order on April 10, 2006, denying Petitioner leave to proceed *in forma pauperis* and requiring him to pay the $5.00 filing fee within thirty days.

Petitioner now moves for reconsideration of the Court's order, claiming that the Court improperly assessed the $5.00 filing fee because he brought a petition for *writ of coram nobis*, not a *habeas corpus* action. The Court finds that Petitioner's action was properly construed as a petition for writ of *habeas corpus*. Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a § 2254 *habeas* petition be filed when a person is "in custody in violation of the Constitution or laws or treaties of the United States." Subject matter jurisdiction over this matter is conferred by 28 U.S.C. § 2254(a) because Petitioner was "in custody" at the time he filed his *habeas* petition with the district court. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). As long as a petitioner files a *habeas* petition attacking his underlying criminal conviction while incarcerated or in custody, even where he is later released before the petition is considered, he will satisfy the case or controversy requirement because of the continuing collateral consequences to a wrongful criminal conviction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (*citing Sibron v. N.Y.*, 392 U.S. 40, 55-56 (1968)). Consequently, Petitioner's release from prison on March 20, 2006, did not strip the Court of jurisdiction over his *habeas corpus* action.

Moreover, the Supreme Court noted in rejecting the use of *coram nobis* in *Carlisle v. United States*, 517 U.S. 416 (1996), "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* at 428-29 (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.,* 474 U.S. 34, 43 (1985)) (internal quotation marks omitted). As noted above, because Petitioner is in custody pursuant to the judgment of a state court, his request for relief is governed by § 2254. Because a § 2254 petition is available to him, a writ under § 1651 is not. *See, e.g.*, *Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002). Therefore:

2

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (Dkt. No. 9) is **DENIED**. If Petitioner would like to proceed with his *habeas* action, he must pay the $5.00 filing fee within fourteen days of this Order. Petitioner's failure to comply with this Order will result in dismissal of this case without prejudice.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 22, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |